FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSHUA L. ORTIZ,<br><br>    Defendant. | No. 1:14-CR-2038-SAB-2<br><br>**ORDER GRANTING MOTION TO AMEND JUDGMENT** |

    Before the Court is Defendant Joshua L. Ortiz's Motion to Amend/Correct Judgment and Sentence, ECF No. 220, associated Motion to Expedite, ECF No. 221, and Construed Motion to Reconsider, ECF No. 218. The motions were considered without oral argument. Mr. Ortiz is represented by Richard Smith. The United States of America is represented by Thomas Hanlon.

    Mr. Ortiz moves the Court to issue an Amended Judgment. Mr. Ortiz claims the U.S. Bureau of Prisons (BOP) has not calculated the time he served in federal custody toward his sentence, despite the Court awarding him credit for time served. The United States does not oppose issuance of an Amended Judgment.

    On January 27, 2017, this Court sentenced Mr. Ortiz to 84 months of incarceration, to run concurrently to his sentence in Yakima County Superior Court (Case No. 14-1-00526-7), with credit for time served. Between his initial appearance in federal court and issuance of the Judgment, Mr. Ortiz served 18 months and 24 days in federal custody. However, BOP has not computed this

**ORDER GRANTING MOTION TO AMEND JUDGMENT** \* 1

time into his federal sentence because Mr. Ortiz appeared in federal court on a writ of habeas corpus ad prosequendum. Mr. Ortiz appealed BOP's sentence calculation to the warden and BOP Regional and Central Offices.

This Court may review BOP's sentence computation, as Mr. Ortiz exhausted his appeals to BOP. 28 C.F.R. §§ 542.13–.15. Section 5G1.3(b) of the U.S. Sentencing Guidelines states that, where a federal defendant is sentenced concurrently to an undischarged term of state imprisonment for relevant conduct to the federal offense, the Court "shall adjust the sentence for any period of imprisonment already served . . . if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

The Court intended for Mr. Ortiz to receive credit for time served while he was in federal custody, between July 13, 2015 and January 27, 2017. It is apparent BOP will not calculate this time toward Mr. Ortiz's sentence. Thus, pursuant to § 5G1.3(b)(1), the Court will issue an Amended Judgment adjusting Mr. Ortiz's sentence to reflect his time served in federal custody.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Motion to Amend/Correct Judgment and Sentence, ECF No. 220, is **GRANTED**.

2. Defendant's Motion to Expedite, ECF No. 221, is **GRANTED**.

3. Defendant's Construed Motion to Reconsider, ECF No. 218, is **DISMISSED, as moot**.

//
//
//
//
//
//

**ORDER GRANTING MOTION TO AMEND JUDGMENT * 2**

4. Defendant shall receive credit for time served in the amount of 18 months and 24 days, which specifically shall include the time between July 13, 2015 and January 27, 2017. An Amended Judgment shall issue accordingly.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, the U.S. Probation Office, the U.S. Bureau of Prisons, <u>and</u> Defendant.

**DATED** this 27th day of January 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO AMEND JUDGMENT * 3**